# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONNIE LEN McCOLLUM; REBECCA M.
ELDRIDGE; AND JILL McCOLLUM,

       *Plaintiffs,*

vs.

STATE OF KANSAS, ex. rel. SECRETARY
OF DEPARTMENT FOR CHILDREN AND
FAMILIIES; NEOSHO MEMORIAL
REGIONAL MEDICAL CENTER; SAINT
FRANCIS COMMUNITY SERVICES;
GREENWOOD COUNTY COURT; WEST
ELK SCHOOL DISTRICT #282,

       *Defendants.*

Case No. 14-cv-1049-EFM-KMH

## MEMORANDUM AND ORDER

Plaintiffs Ronnie Len McCollum, Rebecca M. Eldridge, and Jill McCollum bring this

action *pro se* against Defendants State of Kansas ex. rel. Secretary of Department for Children

and Families ("DCF"), Neosho Memorial Regional Medical Center, Saint Francis Community

Services, Greenwood County Court, and West Elk School District #282.  Defendants each filed a

Motion to Dismiss (Docs. 27, 28, 30, 32, and 34) asserting that dismissal is appropriate because

the Court lacks subject matter jurisdiction and Plaintiffs have failed to state a claim upon which

relief may be granted.  In response to Defendants' motions, Plaintiffs filed a Motion "[f]or

Lawyer's Entry of Appearance," a Motion for "Federal Injunction of 40 Days," a Motion "[t]o

Explain All Uncertainty in This Case," and a Motion for Grand Jury Investigation (Doc. 36). Plaintiffs have also filed a separate Motion for Grand Jury Investigation (Doc. 45) and Motion for Return of Children (Doc. 48).  For the reasons set forth below, the Court grants Defendants' Motions to Dismiss and denies all of Plaintiffs' motions.

## I.  Factual and Procedural Background

Plaintiffs filed their original Complaint on February 1, 2014, and an Amended Complaint on March 1, 2014.  Plaintiffs indicate on the Civil Cover Sheet that jurisdiction is based on diversity, that the parties are all citizens of Kansas, that the nature of the suit is civil rights and personal injury, and that its origin is a removal from state court.[1]  Plaintiffs allege that Defendants have violated federal and state laws, including the following:  "Article VII Section 14 of the Bill of Rights," the "civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)," the Endangered Species Act of 1973,[2] and the Revised Kansas Code for Care of Children ("CINC Code").[3]

It appears from the Complaint and Amended Complaint that Plaintiffs Ronnie McCollum and Rebecca Eldridge are the parents of three minor children, identified as J.W.A.E., D.M.L.M., and D.A.N.M., who have been placed in foster care.  Plaintiff Jill McCollum appears to be the aunt of the three children, as the children are referred to as her nephews.  Although Plaintiffs do not say explicitly, it is apparent from the Amended Complaint that many of Plaintiffs' allegations arise from proceedings in CINC case numbers 12 JC 19 and 12 JC 20 in Greenwood County

---

[1]   This case clearly has not been removed from state court but is an original action filed by Plaintiffs in this Court.  Procedures pursuant to 28 U.S.C. § 1446 have not been followed nor has a basis for removal pursuant to § 1441 been plead.

[2]   16 U.S.C. §1531 *et seq.*

[3]   K.S.A. 38-2201 *et seq.*

District Court.  Plaintiffs allege the following:  that one or more Defendants "[w]ould not let [Plaintiff] Jill McCollum be a foster mom and she passed all requirements again a local personal grudge and these boys are her nephews";[4] that "the State of Kansas does not enforce Chapter 38 Article 22 they let children like J.W.A.E., D.M.L.M. be abused both sexually and physically";[5] that one or more Defendants would not allow Plaintiffs "Ronnie Len McCollum and Rebecca M. Eldridge take J.W.A.E. and D.M.L.M. to their own private doctors to be checked both physically and mentally";[6] that "Shawn Dixon and Kathy Wiggins added false statements on Permanency Plan on 7-30-13"[7] and "would be on their cell phones doing personal things"[8] during visits with the children; that "Shawn Dixon made D.M.L.M have a red mark in the middle of his forehead by grabbing with just one arm and pulled D.M.L.M. up with force and by this action made D.M.L.M. have a red mark in the middle of his forehead";[9] that Defendant "Neosho Memorial Regional Medical Center dropped a baby by accident"[10] and "did not honor the privacy act"[11] for Plaintiffs Ronnie Len McCollum and Rebecca M. Eldridge; and that a Greenwood County District Court judge would not let Plaintiffs Ronnie McCollum and Eldridge file criminal charges in the CINC cases involving their children.

---

[4]     Amended Complaint, Doc. 5, p. 3.

[5]     Amended Complaint, Doc. 5, p. 3.

[6]     Complaint, Doc. 1, p. 4.

[7]     Complaint, Doc. 1, p. 4.

[8]     Amended Complaint, Doc. 5, p. 8.

[9]     Amended Complaint, Doc. 5, p. 8.

[10]     Complaint, Doc. 1, p. 6.

[11]     Complaint, Doc. 1, p. 6.

-3-

Plaintiffs demand the following relief: that J.W.A.E., D.M.L.M., and D.A.N.M. "be returned immediately to their respective families"[12] and that this Court issue injunctive relief to address the alleged abuse of Plaintiffs' children while in foster care, the alleged failure to report child abuse, and the alleged falsifying of State of Kansas paperwork on Permanency Planning. Plaintiffs demand monetary damages in the amount of three million or thirty million dollars.

Each Defendant has filed a Motion to Dismiss on the basis that the Court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs did not file a response to Defendants' motions. Instead, Plaintiffs filed a separate document, moving the Court for "Lawyers Entry of Appearance," a federal injunction of forty days, "to explain all uncertainty in this case," and a federal grand jury investigation.[13] Plaintiffs also filed a separate Motion for Grand Jury Investigation and Motion for Return of Children.

## II.  Plaintiffs' Motions for Lawyers Entry of Appearance, an Injunction, to Explain Uncertainty, and a Grand Jury Investigation (Doc. 36)

### A.  Motion "For Lawyers Entry of Appearance"

Plaintiffs' first motion is "[f]or Lawyers Entry of Appearance."[14]  If Plaintiffs have retained counsel, those attorneys do not need to obtain leave of Court to enter their appearance. If Plaintiffs are referring to the two attorneys that have been appointed to represent them in the state court CINC proceedings, that appointment does not extend to this case, and the Court cannot compel those attorneys to appear here.

---

[12]  Complaint, Doc. 1, p. 4.

[13]  Plaintiffs' Motions, Doc. 36, p. 1.

[14]  Plaintiffs' Motions, Doc. 36, p. 1.

To the extent Plaintiffs seek to have counsel appointed to represent them in this case, the Court denies such request.  In deciding whether to appoint counsel in a civil case, a district court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[15]  Here, Plaintiffs have shown that they can communicate facts, cite to law, and present arguments.  The issues in the pleadings—allegations of abuse of children while in foster care and inappropriate conduct in CINC cases—are not complex.  Furthermore, Plaintiffs cannot succeed on the merits of their claims, as the Court lacks subject matter jurisdiction over this case. Accordingly, the Court denies Plaintiffs' Motion "[f]or Lawyers Entry of Appearance."

### B.  Motion for Federal Injunction of Forty Days

Plaintiffs state that they "need a 40 day injunction where nothing happens for 40 days at the state courts or Federal courts till all this these motions to dismiss are gone over with a fine tooth & comb [sic]."   Plaintiffs have not demonstrated any grounds for the entry of an injunction to stay this case.  Additionally, except in very limited circumstances, which Plaintiffs have not shown here, the Court does not have the power to enjoin state court proceedings.[16]

To the extent Plaintiffs are seeking an extension of time to respond to Defendants' motions to dismiss, the Court denies Plaintiffs' motion.  District of Kansas Local Rule 6.1(a) requires that all motions for an extension of time to perform an act required to be performed within a specified time must show: (1) whether there has been a prior consultation with other parties and the other parties' views; (2) the date when the act was first due; (3) if prior extensions

---

[15]   *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

[16]   *See* 28 U.S.C. § 2283; *see also Younger v. Harris*, 401 U.S. 37 (1991).

have been granted, the number of extensions granted and the date of expiration of the last extension; and (4) the cause for the requested extension.[17]   Plaintiffs have not complied with these requirements.   Therefore, the Court denies Plaintiffs' motion for a federal injunction of forty days.

### C.  Motion to Explain All Uncertainty

Plaintiffs' third motion is a request "to explain all uncertainty in this case."  The Court denies this motion.  It is not clear what specific relief Plaintiffs are seeking, and Plaintiffs have not stated any grounds upon which the Court may grant such relief.

### D.  Motion for Federal Grand Jury Investigation

Plaintiffs' fourth motion is for "a Federal Grand Jury investigation because [Plaintiffs] have obtained enough evidence to show a sitting federal jury to bring men and women to trial and show a 12 member federal jury that these people are guilty of several state and federal crimes . . . ."[18]   Plaintiffs, however, have failed to cite to any authority that would allow the Court to direct a prosecuting authority to convene a grand jury and failed to state a factual basis that would warrant such a grand jury.  Accordingly, Plaintiffs' motion is denied.

## III.  Defendants' Motions to Dismiss (Docs. 27, 28, 30, 32, and 34)

### A.  Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs dismissal based on subject matter jurisdiction.  Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or

---

[17]   D. Kan. R. 6.1(a).

[18]   Plaintiffs' Motions, Doc. 36, p. 8.

factual attacks on the accuracy of its allegations.[19]   Defendants challenge the face of the Complaint and Amended Complaint, so the Court presumes the accuracy of Plaintiffs' factual allegations and does not consider evidence outside the complaint.[20]   "Federal courts are courts of limited jurisdiction with only those powers conferred by Congress."[21]   Courts must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[22] Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[23] Plaintiffs bear the burden of alleging sufficient facts to overcome this presumption.[24]

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[25]   "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[26]   "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties

---

[19]   *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[20]   *Id.*

[21]   *Casteneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (citing *Wyeh Lab. v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)).

[22]   *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).

[23]   *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[24]   *Id.*

[25]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26]   *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[27]   In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[28]   All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[29]   Allegations that merely state legal conclusions, however, need not be accepted as true.[30]

Plaintiffs have filed their Complaint and Amended Complaint *pro se*.   A *pro se* plaintiff's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers.[31] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[32] The district court, however, does not have to assume the role of advocate for the *pro se* litigant.[33]

**B.   Analysis**

**1.   Subject Matter Jurisdiction- Rule 12(b)(1)**

**a.   Plaintiffs' Complaint Does Not Comply with Fed. R. Civ. P. 8(a)(1).**

---

[27]   *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[28]   *Iqbal*, 556 U.S. at 678.

[29]   *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[30]   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31]   *Id.*

[32]   *Id.*

[33]   *Id.*

Federal Rule of Civil Procedure 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."[34] Plaintiffs' Complaint and Amended Complaint fail to plead sufficient grounds to identify the basis on which the Court would exercise subject matter jurisdiction over this case.

On the Civil Cover Sheet, Plaintiffs checked the box indicating diversity as the basis for subject matter jurisdiction.  However, Plaintiffs also indicate on the Civil Cover Sheet, and elsewhere in their Complaint, that Plaintiffs and Defendants are all citizens of Kansas. Therefore, the Court does not have subject matter jurisdiction based on diversity under 28 U.S.C. § 1332.

Although Plaintiffs do not allege subject matter jurisdiction based on federal question, they do state in their Amended Complaint that this case arises under "Article VII Section 14 of the Bill of Rights" and the "civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of the United States (28 U.S.C. § 1343)."[35]  Neither of these statutes, however, confer subject matter jurisdiction.  With regard to Article VII, this District has found that Article VII provides no jurisdictional basis and refused to assume the role of advocate for the plaintiff by "speculat[ing] whether plaintiff intended to invoke some provision other than Article VII of the Constitution."[36]  With regard to 28 U.S.C. § 1343, Plaintiffs cite two statutes that they allege give rise to jurisdiction—Kan. Stat. Ann. 38-2201 *et seq*. (the CINC Code) and the Endangered Species Act of 1973.  The CINC Code is a state statute that cannot give rise to

---

[34] Fed. R. Civ. P. 8(a)(1).

[35] Amended Complaint, Doc. 5, p. 3.

[36] *Freeman v. UMB Bank*, 2005 WL 272978, at *1 (D. Kan. Jan. 13, 2005).

federal question jurisdiction.[37]  The Endangered Species Act applies to "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature."[38]  Plaintiffs cite to no authority that would extend the application of this Act to humans, and thus, it also cannot give rise to jurisdiction in this case.

In the middle of their Complaint, Plaintiffs also allege that Defendant Neosho Memorial Regional Medical Center did not honor the Privacy Act[39] for Plaintiffs Ronnie McCollum and Eldridge.  This allegation, however, does not give rise to federal question jurisdiction because Plaintiffs have not plead sufficient facts that support any claim or show that Plaintiffs are entitled to relief under the Privacy Act.  Accordingly, the Court finds that Plaintiffs have failed to comply with Rule 8(a)(1), and the Court does not have subject matter jurisdiction over this case.

### b. Federal Relief Is Barred by the *Younger* Abstention Doctrine.

Even if this Court had a basis for asserting jurisdiction, the abstention doctrine set forth in *Younger v. Harris*[40] prevents it from exercising that jurisdiction because of the pending state court CINC proceedings.  To determine

> whether *Younger* abstention is appropriate, a court considers whether: '(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'[41]

---

[37]  *See Liles v. Reagan*, 625 F. Supp. 1470, 1475 (D. Neb. 1986) ("[F]ederal courts are granted jurisdiction under 28 U.S.C. § 1343 to vindicate only federal rights.").

[38]  16 U.S.C. § 1532(16).

[39]  *See* 5 U.S.C. § 552a *et seq.*

[40]  401 U.S. 37 (1971).

[41]  *Crown Point I L.L.C. v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citing *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The Tenth Circuit has further stated that "[o]nce these three conditions are met, Younger [sic] abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[42]

The first element of the abstention doctrine is met here.  Based on Plaintiffs' Amended Complaint, it appears that there are two CINC cases in Greenwood County Court in which at least two of the three Plaintiffs are parties and Defendant DCF is also a party.  These cases are presumably still pending as part of the relief Plaintiffs request in this case is the return of their minor children.  Additionally, Plaintiffs have not plead any facts that would lead this Court to believe that they have exhausted their appeal rights in the CINC cases in the state judicial system.[43]

The second element of the abstention doctrine is also met.  Under Kansas law, state district courts are courts of general jurisdiction.[44]  Thus, there is an adequate state forum to address all of Plaintiffs' allegations and claims.

Finally, the third element of the abstention doctrine is met because ensuring the safety and well-being of children within its borders is an important state interest.  It is well-established that the State of Kansas has a significant interest in child custody matters.[45]  Therefore, the pending CINC cases involve important state interests.

---

[42]   *Id.* (citing *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989)).

[43]   For purposes of *Younger* abstention, a proceeding is considered pending until all appellate court remedies have been exhausted.  *Oltremari v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994).

[44]   *See* K.S.A. 20-301 ("There shall be in each county a district court, which  . . . shall have general original jurisdiction over all matters, both civil and criminal.").

[45]   *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

Where the three elements of the *Younger* abstention doctrine are satisfied, the court must abstain from exercising jurisdiction unless there are extraordinary circumstances in which relief is appropriate. Extraordinary circumstances exist "only in cases of proven harassment or prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[46] Here, Plaintiffs have not alleged prosecution without the hope of obtaining a valid conviction or irreparable injury. Therefore, there are no extraordinary circumstances that would require the Court to exercise jurisdiction. Having found that the three elements of the *Younger* abstention doctrine are met, the Court abstains from exercising subject matter jurisdiction over this case.

### c. Eleventh Amendment Immunity Precludes Claims Against DCF and Greenwood County Court.

To the extent Plaintiffs have asserted claims against DCF and Greenwood County Court, these claims are precluded by the Eleventh Amendment. The Eleventh Amendment generally prohibits suits in federal court by private individuals against a state or those entities that may be considered an arm of the state.[47] There are two exceptions to this prohibition. First, Congress may abrogate a state's Eleventh Amendment immunity, and second, a state may consent to be sued and thus waive its immunity.[48] Neither exception, however, applies in this case.

In this matter, both DCF and Greenwood County Court are considered an arm of the state. DCF is the agency through which the state acts in all matters that relate to children who

---

[46] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

[47] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1231-32 (10th Cir. 1999) (asserting that, if applicable, the Eleventh Amendment bars suits against both states and "arms of the state.").

[48] *Thompson v. Colorado*, 278 F.3d 1020, 1024-25 (10th Cir. 2001).

are found to be in need of care.  Greenwood County Court is a Kansas state district court that is a subdivision of the state.[49]  Therefore, Plaintiffs are prohibited from asserting claims against these Defendants.

To the extent Plaintiffs intended to state a cause of action under 42 U.S.C. § 1983, Plaintiffs' claims are also barred.  Section 1983 expressly states that only "persons" can be sued.[50]  States and state agencies are not persons for purposes of § 1983.[51]  Thus, DCF and Greenwood County Court are not persons under 42 U.S.C. § 1983, and the Court lacks subject matter jurisdiction over these parties on this basis as well.

### 2.  Failure to State a Claim- Rule 12(b)(6)

Defendants also assert that Plaintiffs' Complaint and Amended Complaint fail to state a claim upon which relief may be granted.  According to Defendants, Plaintiffs have made only conclusory allegations to support their claims that Defendants do not enforce Chapter 38, Article 22 of the Kansas Statutes and have violated the Endangered Species Act and Privacy Act.  Defendants argue that these conclusory allegations do not give rise to plausible claims.  The Court sees the merit of Defendants' arguments.  However, having found that it lacks subject matters jurisdiction over Plaintiffs' claims, the Court declines to address them at this time.

---

[49]  *See* Kansas Constitution, art. 3, § 6.

[50]  42 U.S.C. § 1983.

[51]  *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1169 (10th Cir. 2000) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

**IV.  Plaintiffs' Second Motion for Grand Jury Investigation and Motion for Return of Children (Docs. 45 and 48)**

Plaintiffs' second Motion for Grand Jury Investigation and Motion for Return of Children address matters raised in their prior motions.  Furthermore, Plaintiffs fail to cite any authority that would allow the Court to grant the relief requested.  Accordingly, these motions are denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions "(1) For Lawyers Entry of Appearance, (2) Federal Injunction of 40 Days, (3) To explain all uncertainty in this case" and Motion for a Federal Grand Jury Investigation (Doc. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Neosho Memorial Regional Medical Center's Motion to Dismiss Pursuant to Rule 12 (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion to Dismiss of Defendant West Elk School District #282 (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Greenwood County Court's Motion to Dismiss (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion to Dismiss By Defendant State of Kansas Department for Children and Families (Doc. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion to Dismiss By Defendant Saint Francis Community Services (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Grand Jury Investigation (Doc. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Return of Children (Doc. 48) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of July, 2014.

_Eric F. Melgren_
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE